UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OSMAN HAMID,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA,
    *Defendant*.

Civil Action No. 16-730 (CKK)

MEMORANDUM OPINION
(March 30, 2017)

Plaintiff Osman Mohamed Hamid brings this action under the Federal Tort Claims Act ("FTCA") against Defendant United States of America for damages stemming from his alleged false arrest and imprisonment in the District of Columbia by an officer of the United States Capitol Police. Pending before the Court is Defendant's [9] Motion for Judgment on the Pleadings and, Alternatively, for Summary Judgment. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of the pending motions, the Court **GRANTS** Defendant's Motion for Summary Judgment, but **STAYS** entry of final judgment until **MAY 1, 2017**, during which time Plaintiff may file a substantive response to the motion for summary judgment in light of the Court's denial of Plaintiff's request for Rule 56(d) discovery.

---

[1] The Court's consideration has focused on:

- Def.'s Mem. of P.&A. in Supp. of Mot. for J. on the Pleadings and, Alternatively, for Summ. J., ECF No. 9 ("Def.'s Mem.");
- Pl.'s Opp'n to Def.'s Mot. to Dismiss and, Alternatively, for Summ. J., ECF No. 11 ("Opp'n Mem.");
- Def.'s Reply in Supp. of Mot. for J. on the Pleadings and, Alternatively, for Summ. J., ECF No. 12 ("Reply Mem.").

## I. BACKGROUND

As set forth in the Complaint, on March 30, 2014, Plaintiff was stopped by an Officer of the Capitol Police in the District of Columbia while operating a taxicab. Compl. ¶ 7. The Complaint alleges that the Capitol Police Officer, Officer Seth A. Carll, "lacked probable cause or an articulate suspicion that [Plaintiff] had committed or was in the process of committing any criminal offense or traffic violation of any law or regulation." *Id*. ¶ 8. Despite the alleged lack of probable cause, the Capitol Police Officer allegedly ordered Plaintiff out of the taxicab, and conducted a search of both Plaintiff and the vehicle. *Id*. ¶ 9. Plaintiff alleges that this search failed to uncover "any illegal materials or any evidence of criminal activity," but that Plaintiff was nonetheless arrested "for the offense of operating without a valid driver's license and transported to Capitol Police headquarters." *Id*. ¶ 10. Later that day, the charges against Plaintiff were dropped and he was released from custody, but as a result of the force used during the arrest, Plaintiff allegedly suffered injuries that required emergency medical treatment at George Washington University Hospital. *Id*. ¶¶ 11–12.

In connection with the pending motions, Defendant has submitted the declaration of Officer Seth A. Carll, signed under penalty of perjury, which provides additional information regarding the circumstances of the arrest pleaded in the Complaint. *See* Carll Decl., ECF No. 9-3 ("Declaration"). According to the Declaration, while Plaintiff's vehicle was stopped at a red traffic light, Officer Carll observed plaintiff "going through papers on the steering wheel." *Id*. ¶ 7. When the light changed, Plaintiff's vehicle did not move, and several other vehicles honked their horns. *Id*. Plaintiff then began driving slowly and swerved between lanes, at which time Officer Carll determined that he had probable cause

to effectuate a traffic stop. *Id*. ¶ 9. As part of the traffic stop, Officer Carll requested and received Plaintiff's District of Columbia driver's license. *Id*. ¶ 11. In accordance with standard operating procedure, Officer Carll then proceeded to confirm the validity of the license over the Capitol Police radio. *Id*. 12. Under that procedure, the Capitol Police official who responds to the radio request for confirmation checks the credentials of the driver's license through two systems: the Washington Area Law Enforcement System ("WALES") and the National Crimes Information Center ("NCIC"). *Id*. According to the Declaration, the WALES/NCIC check of Plaintiff's license indicated that the license was a disqualified commercial driver's license, which rendered it invalid. *Id*. ¶¶ 14–15. Because operating a motor vehicle without a valid and current license is an arrestable offense in the District of Columbia, Officer Carll concluded that he had probable cause to arrest Plaintiff, and did so. *Id*. ¶¶ 15, 17. While in custody, however, another Officer found what appeared to be a valid Australian driver's license on Plaintiff's person, and Plaintiff was subsequently released from custody. *Id*. ¶¶ 19–20. According to the Declaration, Plaintiff did not present Officer Carll with the Australian driver's license, or any other valid and current license, during the traffic stop. *Id*. ¶ 16. Plaintiff was arrested at 12:08 A.M. on March 30, 2017, and was released by 12:45 A.M. on the same day. *Id*. ¶¶ 17, 20. While in custody, Plaintiff complained of head pain, and upon his release, he was transported to George Washington University Hospital, at which time he was provided with a PD-731 "information to arrestee released without charge" report. *Id*. ¶¶ 21 –23.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a).[2] The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed

---

[2] As the Court disposes of this matter on Defendant's motion for summary judgment, the Court does not present the legal standard for a motion for judgment on the pleadings.

---

in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

However, summary judgment is premature unless "all parties have 'had a full opportunity to conduct discovery.'" *Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to . . . take discovery . . . ." In *Convertino*, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") instructed that a Rule 56(d) affidavit must satisfy three requirements:

> First, it must outline the particular facts [the party] intends to discover and describe why those facts are necessary to the litigation. Second, it must explain why [the party] could not produce [the facts] in opposition to the motion [for summary judgment]. Third, it must show the information is in fact discoverable.

684 F.3d at 99–100 (internal quotation marks and citations omitted). A district court "should resolve each 'Rule 56(d)' request based on its application of the *Convertino* criteria to the specific facts and circumstances presented in the request." *U.S. ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 27 (D.C. Cir. 2014).

### III. DISCUSSION

The FTCA provides a limited waiver of sovereign immunity for certain tort actions "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Through the FTCA, the United States has granted a limited waiver of sovereign immunity for claims of false arrest and imprisonment, so long as the claims arise out of acts or omissions of "investigative or law enforcement officers of the United States Government[.]" *Id.* § 2680(h); *see also Scruggs v. Bureau of Engraving & Printing*, 200 F. Supp. 3d 78, 82 (D.D.C. 2016) (explaining that although the FTCA "preserves sovereign immunity in claims against the government for certain intentional torts," that exception "has its own exception, known as the 'law enforcement proviso,' wherein sovereign immunity is waived"). Plaintiff alleges that he "was falsely arrested and imprisoned in the District of Columbia on or about March 30, 2014." Compl. at 1. Although Plaintiff has alleged that he suffered injuries during the course of this arrest, Plaintiff does not bring any claims other than those for false arrest and imprisonment. Opp'n Mem. at 1 n.1.

Because Plaintiff's "complaint arises entirely from acts that occurred in Washington, D.C., this Court must consult District of Columbia tort law when assessing the complaint's FTCA claims." *Smith v. United States*, 121 F. Supp. 3d 112, 118 (D.D.C. 2015), *aff'd*, 843 F.3d 509 (D.C. Cir. 2016). Under District of Columbia law, there is no

6

material difference between claims of false arrest and false imprisonment. *Enders v. D.C.*, 4 A.3d 457, 461 (D.C. 2010) ("'False arrest' is indistinguishable as a practical matter from the common law tort of 'false imprisonment.'"). The essential elements of both claims are: "(1) the detention or restraint of one against his or her will, and (2) the unlawfulness of the detention or restraint." *Id*. (citation omitted); *see also Edwards v. Okie Dokie, Inc.*, 473 F. Supp. 2d 31, 44 (D.D.C. 2007).

"Under District of Columbia law, the existence of probable cause is an affirmative defense that can be raised in response to an accusation of false arrest [or imprisonment]." *Smith*, 121 F. Supp. 3d at 119 (citing *Scales v. D.C.*, 973 A.2d 722, 729 (D.C. 2009)). "Probable cause exists where the arresting officer possesses information sufficient to warrant a prudent person in believing that the suspect has committed or is committing an offense." *United States v. Catlett*, 97 F.3d 565, 573 (D.C. Cir. 1996) (internal quotation marks and alterations omitted).

In this matter, the undisputed facts in the record, as evidenced by the Declaration, indicate that Officer Carll had probable cause to both stop Plaintiff's vehicle, and to arrest him for failing to have a valid and current driver's license. Fed. R. Civ. P. 56(c)(4) (providing that an affidavit based on personal knowledge may be used to support a motion for summary judgment). "[W]hen officers observe a traffic violation, stopping the vehicle is objectively reasonable," and a "traffic stop that is supported by objectively reasonable circumstances is legal . . . ." *United States v. Williams*, 878 F. Supp. 2d 190, 198 (D.D.C. 2012) (citing *United States v. Mitchell*, 951 F.2d 1291, 1295 (D.C. Cir. 1991)), *aff'd*, 773 F.3d 98 (D.C. Cir. 2014). The Declaration of Officer Carll indicates that Plaintiff was stopped because he was driving erratically and swerving between traffic lanes. *See supra*

at 2. Plaintiff does not contest in his opposition that this was sufficient cause to effectuate a traffic stop, and the Court finds that it was. *See Mitchell*, 951 F.2d at 1295 ("even a relatively minor offense that would not of itself lead to an arrest can provide a basis for a stop for questioning and inspection of the driver's permit and registration" (internal quotation marks and alterations omitted)).

Following the traffic stop, Officer Carll had probable cause to arrest Plaintiff for failing to have a valid and current driver's license. Under District of Columbia law, failure to have a valid and current license is an arrestable offense. D.C. Code § 50-1401.01(d). According to his Declaration, Officer Carll determined that Plaintiff's license was invalid by communicating with Capitol Police personnel over the radio, who checked the validity of the license via the WALES and NCIC systems, which indicated that Plaintiff's license was not valid. *See supra* at 2–3. The D.C. Circuit has addressed whether probable cause exists to arrest based on information received by an officer from the WALES system, and concluded that "regardless of whether [the] license was in fact suspended, it was objectively reasonable for the officers to rely on the information received from WALES and to believe that [the] license had been suspended. . . . Accordingly, probable cause existed for the arrest . . . ." *United States v. Southerland*, 486 F.3d 1355, 1360 (D.C. Cir. 2007).

Plaintiff at no point disputes that his District of Columbia license was invalid at the time of the arrest. Rather, Plaintiff indicates that additional discovery is necessary with respect to the WALES/NCIC reports that were relied upon to inform Officer Carll, over the radio, that Plaintiff's license was invalid. Opp'n Mem. at 2. Plaintiff also contends that these reports must be furnished by the government under the "best evidence rule." *Id*.; *see*

Fed. R. Evid. § 1002. As an initial matter, whether Officer Carll had probable cause to effect the arrest turns not on the content of the WALES/NCIC reports, but rather on what information was relayed to him over the radio, and Plaintiff has not disputed (or provided any reason to doubt) that Officer Carll was told that Plaintiff's license was invalid, as Officer Carll has represented in his Declaration. *See Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."). For the same reason, the best evidence rule is inapplicable, as the pertinent factual question is what Officer Carll was told over the radio regarding the validity of Plaintiff's license, and not the content of the WALES/NCIC reports themselves. *See Francoeur v. U.S. Bank Nat. Ass'n*, 643 F. App'x 701, 705 (10th Cir. 2016) (holding that the best evidence rule did not render affidavits inadmissible because the "affidavits were based on personal knowledge and were not offered to prove the contents of a document"). Plaintiff also contends that summary judgment is inappropriate because "there is no independent claim that [Plaintiff] had committed any of the acts which would have justified the disqualification of his [license]," but, for the reasons stated, the pertinent question is what Officer Carll was told, and not whether the license was in fact disqualified, or the reasons for the disqualification. Moreover, Plaintiff has not represented, let alone provided any evidence indicating, that his District of Columbia license was valid at the time of the arrest. Opp'n Mem. at 2. And while Plaintiff did have a valid Australian driver's license, Plaintiff has not disputed the government's representation that Plaintiff did not show that license to Officer Carll at the time of the arrest, which renders its existence irrelevant to whether probable cause existed for the arrest. *See supra* at 3.

Furthermore, Plaintiff has failed to satisfy the three requirements set forth in *Convertino* for obtaining discovery pursuant to Rule 56(d). Although Plaintiff's attorney has submitted an affidavit requesting Rule 56(d) discovery, the sum and substance of that affidavit is that "it will be necessary to obtain limited discovery of all documents and/or witnesses relating to any notice which was received by Capitol Police Officer Seth A. Carll relating to the alleged disqualification of" Plaintiff's driver's license. Civil Rule 56(f) Aff. of Arya Mohsen, ECF No. 11-2. Even if the affidavit could be read to "outline the particular facts that [Plaintiff] intends to discover," the affidavit does not make *any* representations as to why this discovery is "necessary" to the litigation, why those facts could not be produced in Plaintiff's opposition to the motion, and whether those facts are discoverable. Accordingly, Plaintiff has failed to satisfy all three *Convertino* factors. *See* 684 F.3d at 99–100.

In sum, Plaintiff chose to ask for discovery pursuant to Rule 56(d) and to not respond in any substantive manner to the legal or factual assertions made by Defendant in its motion for summary judgment. As Plaintiff has failed to satisfy the *Convertino* factors that are a prerequisite for obtaining Rule 56(d) discovery, including by failing to explain why the factual matter sought is necessary to his case, the Court will not grant Plaintiff's request for such discovery. Consequently, on the basis of the pleadings presently before the Court, summary judgment must be entered for Defendant as the Court concludes that Officer Carll acted with probable cause when arresting Plaintiff, which is fatal to Plaintiff's claims of false arrest and imprisonment.

Nevertheless, the Court shall afford Plaintiff an opportunity to file a substantive response to Defendant's motion for summary judgment in light of his representation that

he failed to do so because he sought additional discovery pursuant to Rule 56(d) prior to filing a response. Accordingly, entry of final judgment in this matter shall be stayed up to and including May 1, 2017, during which time Plaintiff may file a substantive opposition to the motion for summary judgment. In order for the Court to consider the renewed opposition, that pleading *must* conform to the requirements of Local Civil Rule 7(h), which are detailed in the Court's Standing Order in this matter, ECF No. 4. In particular, Plaintiff must "submit a statement enumerating all material facts which [he] contends are genuinely disputed and thus require trial." *Id*. at 6. Furthermore, in responding to Defendant's statement of material facts, Plaintiff "must respond to each paragraph with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied." *Id*. "The Court may assume that facts identified by [Defendant] in its statement of material facts are admitted, unless such facts are controverted in the statement filed in opposition to the motion." *Id*.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment, but **STAYS** entry of final judgment up to and including **MAY 1, 2017**, during which time Plaintiff may file a substantive response to the motion for summary judgment in light of the Court's denial of Plaintiff's request for Rule 56(d) discovery.

Dated: March 30, 2017

                                                     /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge